IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DERRICK JONES, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 1:20-cv-00190 |
| | ) | |
| vs. | ) | |
| | ) | |
| ARROW CONTAINER, LLC | ) | |
| | ) | |
| Defendant | ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Derrick Jones, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Derrick Jones (hereinafter "Plaintiff" or "Jones"), is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Arrow Container, LLC, is an employer as defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981, *et. seq.*, which conducts business in the State of Indiana.

3. Jones filed a Charge of Discrimination (Charge No. 470-2019-02149) with the Equal Employment Opportunity Commission on or about April 4, 2019, *inter alia*, alleging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission issued to Jones a 90-day Right to Sue letter on October 28, 2019.

5. Jones invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## General Facts & Specific Allegations

7. Plaintiff is an African-American male who began his employment with the Defendant as a quality manager, but in November 2018 was reassigned to customer experience manager.

8. Plaintiff was given no training for his new position and told that he would need to figure things out for himself.

9. At a meeting in or around December 2018, Defendant's finance manager sat on Jones' desk, told Jones to sit in his chair, and the finance manager spread his legs and told the women in attendance that this is how you get things done.

10. Sometime in November or December 2018, Jones told his supervisor that racism was an issue within the company.

11. Plaintiff's supervisor took his comments to human resources ("HR"), which was followed by a sit-down meeting with the finance manager and the HR representative.

12. At the meeting, Defendant representatives cautioned Jones that his allegations were very serious and that he needs to be careful.

13. The next day, a Hispanic female coworker used the word "nigger" in the presence of Jones, and her supervisor reported it to HR when he learned that Jones was offended.

14. When confronted about her racially inappropriate comment, the Hispanic female became angry and abandoned her job, only to return the following day without consequence.

15. Later, at a customer service meeting, Plaintiff's finance manager and sales manager said that Jones had an "attitude" and asked what was wrong, and Jones replied that he was concerned that company would not address the racially offensive comments.

16. Plaintiff was also subjected to a racially hostile and abusive work environment throughout his employment by Defendant's employees and managers.

17. On January 20, 2019, Defendant terminated Plaintiff's employment, claiming that he was not doing his job.

## Count I
## Title VII Sex

18. Plaintiff incorporates by reference Paragraphs one (1) through seventeen (17) above.

19. Defendant discriminated against Jones on the basis of his sex when he was subjected to demeaning behavior and harassment based on sex from his finance manager.

20. Defendant further discriminated against Plaintiff when it failed to take reasonable remedial action against the finance manager for harassing him.

21. These actions violated Jones' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

22. As a result of the foregoing, Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

23. As a result of Defendant's actions, Jones has incurred attorney fees and costs.

24. Defendant's actions were done with malice or willful reckless disregard to Mr. Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory

damages, punitive damages, prejudgment and post-judgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count II
### Retaliation

25. Plaintiff Incorporates by reference Paragraphs one (1) through twenty-four (24) above.

26. Jones engaged in protected conduct when he complained to management that Defendant racism issues.

27. After Jones complained, he was sat down and told that he needed to be very careful.

28. Jones again engaged in protected conduct when he complained that management would not take action to address employees who make racist comments.

29. After he complained, Defendant terminated Jones' employment because of his complaints of racism.

30. As a result of the foregoing, Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

31. As a result of Defendant's actions, Jones has incurred attorney fees and costs.

32. Defendant's actions were done with malice or willful reckless disregard to Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count III
## 1981

33. Plaintiff incorporates by reference Paragraphs one (1) through thirty-two (32) above.

34. Defendant and Jones entered into a contractual and/or employment relationship, and Jones at all times met or exceeded the Defendant's legitimate performance expectations.

35. Defendant discriminated against Jones on the basis of his race, African-American, when it treated him less favorably than similarly-situated white employees by subjecting him to a hostile work environment and then discharging his employment.

36. Mr. Jones' race was the motivating factor in Defendant's treatment and termination of him.

37. Defendant's actions were in violation of 42 U.S.C. §1981.

38. As a result of the foregoing, Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

39. As a result of Defendant's actions, Jones has incurred attorney fees and costs.

40. Defendant's actions were done with malice or willful reckless disregard to Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count IV
## Title VII Race

41. Plaintiff incorporates by reference Paragraphs one (1) through forty (40) above.

42. Defendant discriminated against Jones on the basis of his race when it terminated his employment.

43. Plaintiff met all of the Defendant's legitimate performance expectations.

44. Similarly situated white employees were treated more favorably that Plaintiff.

45. These actions violated Jones' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

46. As a result of the foregoing, Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

47. As a result of Defendant's actions, Jones has incurred attorney fees and costs.

48. Defendant's actions were done with malice or willful reckless disregard to Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count VI
## Title VII Color

49. Plaintiff incorporates by reference Paragraphs one (1) through forty-eight (48) above.

50. Defendant discriminated against Jones on the basis of his color, black, when it terminated his employment.

51. Plaintiff, at all times, met or exceeded Defendant's legitimate performance expectations.

52. Similarly situated white employees were treated more favorably than Jones under the circumstances.

53. These actions violated Mr. Jones' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

54. As a result of the foregoing, Jones has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

55. As a result of Defendant's actions, Jones has incurred attorney fees and costs.

56. Defendant's actions were done with malice or willful reckless disregard to Jones' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN 46143
(317) 885-0041;
(888) 308-6503 Fax